UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEWIN L. WALKER, <br>     Plaintiff, <br> v. <br> MIKE CHISMAN, <br>     Defendant. | Case No. 19-cv-03678-EMC <br><br> **ORDER OF SERVICE** <br> Docket No. 1 |

## I.    INTRODUCTION

Keewin L. Walker, a prisoner at the Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

Mr. Walker alleges the following in his complaint:

Mr. M. Chisman, the healthcare facility maintenance custodian at Pelican Bay State Prison, "made a racial statement and when confronted about it, he began to be verbally abusive." Docket No. 1 at 3. Mr. Chisman eventually falsified a CDCR-128 informational chrono to discredit Mr. Walker and changed Mr. Walker's work schedule in a way that affected Mr. Walker's pay as "retaliation for [Mr. Walker] confronting him about his racist statement." *Id.* On June 26, 2018, Mr. Chisman "tried to manipulate the system" by meeting with a supervisor and creating the incorrect impression that Mr. Walker was not fulfilling his duties as a custodian. During the meeting, it was exposed that Mr. Chisman falsified a statement about a June 19, 2018, incident.

## III.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner

1 seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28
U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any
claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).
*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Verbal harassment alone is not actionable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Burton v. Livingston,* 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *cf. Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment."). This is so even if the verbal harassment is racially motivated. *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution). The allegation that Mr. Chisman made a "racial statement" does not state a claim under § 1983.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, the complaint states a cognizable claim against Mr. Chisman for retaliation, as the complaint alleges that Mr. Chisman took several adverse actions against Mr. Walker in

2

response to Mr. Walker's complaint about the racial statement Mr. Chisman made.

## IV. CONCLUSION

1. The complaint, liberally construed, states a cognizable § 1983 claim against Mr. Chisman for retaliation. All other claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, and a copy of all the documents in the case file upon Mr. M. Chisman, who apparently works as a custodian at the Pelican Bay State Prison healthcare facility.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

 a. No later than **January 10, 2020**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

 b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **February 7, 2020**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

 c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **February 21, 2020**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

3

> about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

   5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

   6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

   7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

///

///

///

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: October 25, 2019

_____
EDWARD M. CHEN
United States District Judge